IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

RASHOD KING and KELLY KIMBROUGH,   *
individually, and as parent and
next friend of M.K. and W.M.,   *
minor children,

                       *      CASE NO. 4:09-CV-25 (CDL)

    Plaintiffs,

                       *

vs.

                       *

JEANIE C. HUTCHESON,

                       *

    Defendant.

                       *

O R D E R

This action arises from the collision of Plaintiffs' vehicle with a vehicle driven by Defendant's daughter. Although Plaintiffs' Complaint is not entirely clear, it appears that Plaintiffs originally sought to hold Defendant liable for her daughter's alleged negligence under Georgia's family purpose doctrine. Having unsuccessfully attempted to persuade Plaintiffs' counsel to dismiss their action voluntarily because Defendant's daughter does not live with Defendant and no basis exists for family purpose liability, Defendant moves for summary judgment and seeks sanctions under Rule 11 of the Federal Rules of Civil Procedure.

Plaintiffs' counsel, now acknowledging that he erroneously filed suit against Defendant, seeks leave from this Court to amend Plaintiffs' Complaint to join Defendant's daughter, Ms. Kate Price, as a defendant to this action.[1] Defendant opposes Plaintiffs' motion

---

[1] Plaintiffs describe their motion as one for joinder. (*See* Pls.' Mot. to Amend Compl. ¶ 3 ("Plaintiffs request this Honorable Court['s] permission to amend the initial Complaint for Damages to include another

to amend as untimely.  For the following reasons, Defendant's Motion for Summary Judgment (Doc. 9) is granted, Plaintiffs' Motion to Amend Complaint (Doc. 15) is denied, and Defendant's Motion for Rule 11 Sanctions (Doc. 17) is granted.

DISCUSSION

## I.   Defendant's Motion for Summary Judgment

Although unclear from their Complaint, it appears that Plaintiffs seek to hold Defendant liable for her daughter's alleged negligence under Georgia's family purpose doctrine.[2]  Defendant contends that she is entitled to summary judgment because the undisputed evidence before the Court establishes that her daughter was not a member of her immediate household at the time of the collision.  As discussed below, Defendant is entitled to summary judgment.

---

Defendant, namely: KATE PRICE.").)  However, at this stage, they actually seek to substitute Ms. Price as the defendant in the place of the present Defendant.  Since the distinction between joining an additional party and substituting a new party makes no difference to the Court's ruling, the Court refers to Plaintiffs' motion as Plaintiffs describe it, a motion for joinder.

[2]In their Complaint, Plaintiffs do not allege that Defendant was negligent or that an act or omission on her part caused the collision. Rather, Plaintiffs' theory of recovery is based on Defendant's ownership of the vehicle involved in the collision.  (Compl. ¶ 8 ("Kate Price recklessly and negligently operated a vehicle owned by and with the express permission of the Defendant, thereby causing damages to the Plaintiffs.").)  However, because "mere ownership of a vehicle, without more, is insufficient to establish the owner's liability for the negligence of another driver[,]" *Hicks v. Newman*, 283 Ga. App. 352, 353, 641 S.E.2d 589, 590 (2007), a generous reading of the Complaint leads the Court to conclude that Plaintiffs seek to hold Defendant liable for her daughter's alleged negligence under Georgia's family purpose doctrine.

A.   Summary Judgment Standard

Summary judgment may be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The party moving for summary judgment has the burden to show that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the summary judgment movant meets its burden, the burden shifts and the nonmoving party must produce evidence to show that there *is* a genuine issue of material fact.  *Id.* at 324.   The nonmoving party must "go beyond the pleadings," *id.,* and point the Court to "specific facts showing a genuine issue for trial," Fed. R. Civ. P. 56(e)(2); *accord Celotex Corp.*, 477 U.S. at 324.

The movant is entitled to summary judgment if, after construing the evidence in the light most favorable to the nonmoving party and drawing all justifiable inferences in favor of the nonmoving party, no genuine issues of material fact remain to be tried.  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). It is not enough to have *some* alleged factual dispute; there must be a genuine issue of material fact to defeat a motion for summary judgment.  *Anderson*, 477 U.S. at 247-48.  A fact is *material* if it is relevant or necessary to the outcome of the suit.  *Id.* at 248.   A factual dispute is *genuine* if the evidence would allow a reasonable

jury to return a verdict for the nonmoving party—there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *accord Anderson*, 477 U.S. at 248.

B.   Factual Background[3]

On February 9, 2007, Defendant's daughter, Ms. Price, was involved in a two-vehicle collision with Plaintiffs in Columbus, Georgia.  At the time of the accident, Ms. Price resided in Columbus, and Defendant resided in Berryton, Kansas.  (Statement of Material Facts as to Which There is No Genuine Issue to be Tried [hereinafter SOF] ¶¶ 1, 3; *see* Hutcheson Aff. ¶¶ 2-3, May 28, 2009.)  It is undisputed that Ms. Price did not live with Defendant either on the date of the accident or at any time thereafter.  (SOF ¶ 2; *see* Hutcheson Aff. ¶ 2.)

C.   Family Purpose Doctrine

Under Georgia law, "when the owner of a vehicle maintains the vehicle for the use and convenience of his family, the owner is liable for the negligence of a family member who was using the vehicle for a family purpose and who had the authority to do so."

---

[3]Plaintiffs failed to respond to Defendant's Statement of Material Facts as to Which There is No Genuine Issue to be Tried.  "All material facts contained in the moving party's statement which are not specifically controverted by the [nonmoving parties] in [the nonmoving parties'] statement shall be deemed to have been admitted, unless otherwise inappropriate."  M.D. Ga. R. 56.  Therefore, all facts in Defendant's Statement of Material Facts are deemed admitted for the purposes of this Order.  Notwithstanding these "admissions," the Court reviewed Defendant's citations to the record to confirm that "there is, indeed, no genuine issue of material fact," as required by *Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008) (internal quotation marks omitted).

*Simmons v. Hill*, 242 Ga. App. 22, 23, 528 S.E.2d 557, 559 (2000).  To impose vicarious liability on the owner of the vehicle under the family purpose doctrine, four essential elements must be established:

> (1) the defendant must own or have an interest in or control over the automobile; (2) the defendant must have made the automobile available for family use; (3) the driver must be a member of the defendant's *immediate household*; and (4) the vehicle must have been driven with the permission or acquiescence of the defendant.

*Hicks v. Newman*, 283 Ga. App. 352, 353, 641 S.E.2d 589, 590 (2007) (internal quotation marks omitted).

Here, the Court focuses on the third element for liability—whether Ms. Price was a member of Defendant's immediate household at the time of the collision.  With regard to this element, Georgia courts have held that "parents will not be held liable for the negligence of their children who live elsewhere at the time of the incident in question as it cannot be said that such child is a member of the owner's immediate household." *Hicks*, 283 Ga. App. at 353, 641 S.E.2d at 590; *see, e.g., Hurley v. Brown*, 255 Ga. App. 151, 152, 564 S.E.2d 558, 559 (2002) ("[T]o establish that a child is a member of his parents' immediate household, it is necessary to present evidence that the child lived at the same residence with them at the time of the accident.  We have never extended family purpose liability to children living apart from their parents." (citations omitted)); *Simmons*, 242 Ga. App. at 25, 528 S.E.2d at 560 ("[A]t a minimum, the driver and the owner of the vehicle must live together before we will apply the family purpose doctrine.").

5

In this case, the undisputed facts before the Court reveal that Ms. Price did not live with Defendant either on the date of the accident or any time thereafter. (SOF ¶ 2.)  In fact, at the time of the accident, Ms. Price resided in Columbus, Georgia, while Defendant resided in Berryton, Kansas. (*Id.* ¶¶ 1, 3.)  Because Georgia courts "have never extended family purpose liability to children living apart from their parents," *Hurley*, 255 Ga. App. at 152, 564 S.E.2d at 559, Plaintiffs cannot meet their burden of satisfying the third element for liability under Georgia's family purpose doctrine. Accordingly, the Court finds that Defendant is entitled to summary judgment.[4]

## II.  Plaintiffs' Motion to Amend

Recognizing that they have no legitimate basis for asserting a claim against Defendant, Plaintiffs now seek leave to amend their Complaint to join Ms. Price as a defendant to this action. Plaintiffs have failed to provide a legitimate reason for not seeking this relief prior to the expiration of the deadline for amending pleadings as required by the Court's Scheduling and Discovery Order. In fact, Plaintiffs' request was made for the first time over two months after the deadline for amending pleadings.  As explained more fully below, Plaintiffs' motion to amend is denied.

---

[4]In the Response to Defendant's Motion for Summary Judgment, Plaintiffs' counsel admits that he "erroneously filed this lawsuit against the owner of the automobile." (Pls.' Resp. to Def.'s Mot. for Summ. J. ¶ 1.)

A.   Procedural Background

On April 16, 2009, the Court issued a Scheduling and Discovery Order requiring any amendments to be filed by April 30, 2009, setting the discovery deadline as May 30, 2009, and requiring any dispositive motions to be filed by July 16, 2009.  (Scheduling & Disc. Order 2, 4, Apr. 16, 2009.)  On June 4, 2009, Defendant filed her motion for summary judgment.  On July 13, 2009—approximately two months after the April 30, 2009 deadline to file motions to amend pleadings expired, approximately six weeks after discovery closed, and approximately five weeks after Defendant filed her motion for summary judgment—Plaintiffs filed their motion to amend their Complaint to join Ms. Price as a defendant to this action.

B.   Federal Rule of Civil Procedure 16(b)

Ordinarily, leave to amend is to be "freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, when a party fails to comply with the deadlines contained in a scheduling order, a request for leave to amend is governed by Federal Rule of Civil Procedure 16(b).  *See, e.g.*, *Smith v. Sch. Bd. of Orange County*, 487 F.3d 1361, 1366 (11th Cir. 2007) (per curiam) (noting that a court must apply Rule 16(b) where a party moves to amend after the deadline for such motions as delineated in the court's scheduling order); *Millennium Partners, L.P. v. Colmar Storage, LLC*, 494 F.3d 1293, 1299 (11th Cir. 2007) (affirming district court's determination that a party has to satisfy Rule 16(b) before court will consider

7

whether amendment after scheduling order deadline is proper under Rule 15(a)).

Under Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To establish good cause, the party must show that the scheduling deadline could not have been met despite his diligence as to the matter that is the subject of the motion to amend. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam); *see also Romero v. Drummond Co.*, 552 F.3d 1303, 1319 (11th Cir. 2008) ("To establish good cause, the party seeking the extension must have been diligent.").

Here, Plaintiffs seek to amend their Complaint to join Ms. Price as a defendant to this action.  Yet Plaintiffs neither cite to Rule 16(b) nor directly argue that they have good cause for their tardiness in seeking this amendment after the April 30, 2009 Scheduling and Discovery Order deadline.  Plaintiffs merely state that "upon further investigation by the undersigned attorney, the driver of the vehicle should have been the Defendant in the initial filing of this lawsuit."  (Pls.' Mot. to Amend Compl. ¶ 2.) Plaintiffs' counsel, of course, was well aware at the time the original Complaint was filed that Ms. Price was the other driver in the collision, having alleged in the Complaint back in January 2009 that Ms. Price was the negligent party.  (Compl. ¶ 7 ("Kate Price neglected to yield to oncoming traffic while entering the roadway and pulled out directly in front of the vehicle being operated by

8

Plaintiff Kimbrough . . . .").)  No new facts have arisen that change the nature and extent of Ms. Price's alleged liability.

Plaintiffs' counsel has not demonstrated that he was unable, through reasonable diligence, to join Ms. Price as a defendant prior to the agreed-upon deadline of April 30, 2009, as set out in the Scheduling and Discovery Order.  Therefore, the Court finds that Plaintiffs' attempt to amend their Complaint outside the time frame prescribed in the Scheduling and Discovery Order is not supported by good cause. *See, e.g., S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241-43 (11th Cir. 2009) (per curiam) (affirming district court's finding that plaintiff's attempt to amend outside of scheduling order deadline lacked good cause where plaintiff failed to seek information before discovery closed); *Alexander v. AOL Time Warner, Inc.*, 132 F. App'x 267, 269 (11th Cir. 2005) (per curiam) (finding no error in district court's denial of plaintiff's motion to amend filed more than seven weeks after scheduling order deadline); *cf. Lowe's Home Ctrs., Inc. v. Olin Corp.*, 313 F.3d 1307, 1315 (11th Cir. 2002) ("[I]t is not an abuse of discretion for a district court to deny a motion for leave to amend following the close of discovery, past the deadline for amendments and past the deadline for filing dispositive motions."). Were the Court to permit Plaintiffs to join Ms. Price as a defendant at this stage in the litigation, it would essentially "render [the] [S]cheduling [and Discovery] [O]rder[] meaningless and effectively would read Rule 16(b) and its good cause

requirement out of the Federal Rules of Civil Procedure." *Sosa*, 133 F.3d at 1419.  Accordingly, Plaintiffs' motion to amend is denied.

**III. Defendant's Motion for Rule 11 Sanctions**

A.   Procedural Background

On April 1, 2009, Defendant's counsel sent Plaintiffs' counsel a letter pursuant to Rule 11 requesting that he dismiss the action against Defendant because the uncontroverted evidence established that Ms. Price was not a member of Defendant's immediate household at the time of the collision, and thus, Defendant could not be held liable for her daughter's alleged negligence under Georgia's family purpose doctrine.  (*See generally* Ex. 1 to Def.'s Mot. for Rule 11 Sanctions, Apr. 1, 2009 [hereinafter Rule 11 Letter]; *see id.* at 2 ("Simply put, there is no legal or factual basis for your clients' claim that Ms. Hutcheson can be held liable for the alleged negligent actions of Ms. Price.  Accordingly, any continued assertion that my client is a proper party Defendant violates Rule 11 . . . .").)  Although Defendant's counsel "respectfully request[ed] that [Plaintiffs] voluntarily agree to dismiss the claims against [Defendant] within . . . twenty-one days" (*id.*), Plaintiffs' counsel failed to do so.[5]

---

[5]Prior to filing a Rule 11 sanctions motion, the moving party must comply with the "safe harbor" provision in Rule 11(c)(2), which requires the moving party to provide twenty-one days' notice to the opposing party of the challenged conduct.  *See, e.g., Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003) (recognizing that the "safe harbor" provision under Rule 11 "ordinarily gives a lawyer or litigant 21 days within which to correct or withdraw the challenged submission").

On April 23, 2009, Defendant's counsel sent Plaintiffs' counsel *another* Rule 11 letter requesting that he dismiss the meritless action. (*See generally* Ex. 2 to Def.'s Mot. for Rule 11 Sanctions, Apr. 23, 2009 [hereinafter 2d Rule 11 Letter]; *see id.* at 1 ("As you well know, it is our position that Ms. Hutcheson is not a proper party Defendant and that this matter should be dismissed. . . . [I]f this matter cannot be resolved promptly then my client will seek to recover the legal expenses it has incurred in defending this matter pursuant to Rule 11.").) Plaintiffs' counsel again ignored Defendant's request and refused to dismiss the action against Defendant. As a result, Defendant was forced to file her motion for summary judgment. On July 7, 2009, Plaintiffs' counsel responded to Defendant's motion for summary judgment and *finally* admitted, without conducting any discovery, that he "erroneously filed this lawsuit against the owner of the automobile." (Pls.' Resp. to Def.'s Mot. for Summ. J. ¶ 1.)

### B.   Federal Rule of Civil Procedure 11

Under Rule 11, "an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]" Fed. R. Civ. P. 11(b)(2). If such a claim is not warranted, "the court may impose an appropriate sanction." Fed. R. Civ. P. 11(c)(1).

The Eleventh Circuit has determined that Rule 11 sanctions are warranted when a party files a pleading that (1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) is filed in bad faith for an improper purpose.  *See, e.g.*, *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002).

> In th[e] [Eleventh] [C]ircuit, a court confronted with a motion for Rule 11 sanctions first determines whether the party's claims are objectively frivolous-in view of the facts or law-and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry.  If the attorney failed to make a reasonable inquiry, then the court must impose sanctions despite the attorney's good faith belief that the claims were sound.

*Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 695 (11th Cir. 1995) (citations omitted).

Here, the Court finds that Plaintiffs' action against Defendant was objectively frivolous.  To establish liability under Georgia's family purpose doctrine, Plaintiffs were required to prove that Ms. Price was a member of Defendant's immediate household at the time of the collision.  The accident report, which showed that Defendant did not have the same address as her daughter, placed Plaintiffs' counsel on notice that further investigation was necessary before a claim could be made against Defendant. (*See* Ex. 3 to Def.'s Mot. for Rule 11 Sanctions, Police Accident Report, Feb. 9, 2007 (noting that Defendant lived in Kansas while Defendant's daughter lived in

12

Georgia).) Yet, the present record establishes that no such investigation was conducted, either before or after the lawsuit was filed. Instead, Plaintiffs' counsel charged forward, filing the lawsuit with no legitimate basis for concluding that liability on behalf of Defendant existed. Moreover, after Defendant's counsel specifically requested that Plaintiffs' counsel dismiss the action because no basis for liability existed, Plaintiffs' counsel still insisted on pursuing the claim against Defendant. Defendant provided Plaintiffs' counsel with *two* opportunities to dismiss the action voluntarily. (*See* Rule 11 Letter; 2d Rule 11 Letter.) In both letters, Defendant outlined the facts and applicable law and warned Plaintiffs' counsel that she would seek sanctions unless the action was dismissed. Plaintiffs' counsel failed to respond to either letter and did not dismiss the action. Finally, in the response to Defendant's motion for summary judgment, Plaintiffs' counsel acknowledged that he "erroneously filed this lawsuit against the owner of the automobile." (Pls.' Resp. to Def.'s Mot. for Summ. J. ¶ 1.)

This action does not involve a complex legal theory, and there is no indication that Plaintiffs were unaware who the proper defendant might be. (*See* Ex. 4 to Def.'s Mot. for Rule 11 Sanctions, Pls.' Demand Package, Sept. 22, 2008 (establishing Defendant's daughter's alleged negligence in collision).) Thus, the Court finds that Plaintiffs' counsel knew, or certainly should have known, from the outset that no plausible basis existed for asserting a claim

13

against Defendant.   Even if Plaintiffs' counsel was justified in
filing the action against Defendant originally, with the expectation
that discovery would confirm Defendant's liability, his subsequent
conduct demonstrates unequivocally that his continued pursuit of the
claim against Defendant warrants sanctions.   During discovery,
counsel could have easily ascertained whether Defendant's daughter
lived apart from Defendant as indicated in the accident report.
Apparently, counsel made no attempt to do so.  Moreover, after being
notified twice that no basis existed for the frivolous action,
counsel still refused to cease his futile pursuit.

Based on the foregoing, the Court finds that Rule 11 sanctions
are required in this case.   Sanctions in this case will be imposed
solely on Mr. Dana P. Gentry, as counsel for Plaintiffs, and not on
Plaintiffs themselves.   *See* Fed. R. Civ. P. 11(c)(5)(A) ("The court
must not impose a monetary sanction . . . against a represented party
for violating Rule 11(b)(2)[.]").   Accordingly, the Court finds the
following sanction appropriate:   Plaintiffs' counsel shall pay
Defendant's fees and expenses incurred after April 1, 2009, the date
Defendant first put Plaintiffs' counsel on notice that she would seek
Rule 11 sanctions if he did not dismiss the Complaint.[6]   Defendant

---

[6]Federal Rule of Civil Procedure 11(c)(4) provides:

A sanction imposed under [Rule 11] must be limited to what
suffices to deter repetition of the conduct or comparable
conduct by others similarly situated.  The sanction may include
. . . an order directing payment to the movant of part or all
of the reasonable attorney's fees and other expenses directly
resulting from the violation.

shall file with the Court her request for litigation expenses and attorney's fees, along with supporting documentation, within thirty days of today's Order.

CONCLUSION

As explained in this Order, Defendant's Motion for Summary Judgment (Doc. 9) is granted; Plaintiffs' Motion to Amend Complaint (Doc. 15) is denied; and Defendant's Motion for Rule 11 Sanctions (Doc. 17) is granted. Defendant shall file with the Court her request for costs and expenses within thirty days of today's Order. Plaintiffs' counsel shall have fourteen days thereafter to file a response to the amount of costs and expenses requested by Defendant.

IT IS SO ORDERED, this 9th day of October, 2009.


                                    S/Clay D. Land
                                    CLAY D. LAND
                                    UNITED STATES DISTRICT JUDGE