```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

RASHOD KING and KELLY KIMBROUGH,  \*
individually, and as parent and
next friend of M.K. and W.M.,     \*
minor children,
                                  \*         CASE NO. 4:09-CV-25 (CDL)
     Plaintiffs,
                                  \*
vs.
                                  \*
JEANIE C. HUTCHESON,
                                  \*
     Defendant.
                                  \*

O R D E R

Presently pending before the Court is Defendant's Motion for Litigation Expenses and Attorney's Fees (Doc. 19). For the following reasons, Defendant's motion is granted.

DISCUSSION

In the Court's October 9, 2009 Order, the Court found that Plaintiffs' counsel, Mr. Dana P. Gentry, should pay Defendant her reasonable attorney's fees and litigation expenses incurred after April 1, 2009 as a sanction under Federal Rule of Civil Procedure 11. *King v. Hutcheson*, No. 4:09-CV-25 (CDL), 2009 WL 3299818, at \*4-\*6 (M.D. Ga. Oct. 9, 2009). Having reviewed Defendant's counsel's affidavit in support of such attorney's fees and litigation expenses (*see* Nelson Aff., Oct. 14, 2009), as well as Mr. Gentry's response to Defendant's motion (*see* Pls.' Att'y's Aff. in Resp. to Summ. J. & Rule 11 Sanctions, Oct. 27, 2009), the Court finds that under the circumstances in this case, Mr. Gentry shall pay Defendant and

Defendant's counsel $1,000.00 as reasonable fees attributable to Mr. Gentry's sanctionable conduct.[1]  Accordingly, Mr. Gentry shall send a check to Defendant's counsel, David N. Nelson, in the amount of $1,000.00, made payable to Defendant and Defendant's counsel jointly, within twenty-one days of today's Order.[2]

    IT IS SO ORDERED, this 30th day of October, 2009.

                                S/Clay D. Land
                                    CLAY D. LAND
                        UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Plaintiffs' counsel professionally accepted the sanctions order which from this Court's perspective partially remedied the previous conduct that the Court found to be sanctionable.

[2] It is the Court's intention for the $1,000.00 to be credited toward any attorney's fees that were generated because of the sanctionable conduct.  Thus, the proceeds are not intended to go to Defendant, individually, unless she individually paid for, or is financially responsible for, the legal fees.